1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JAMES MICHAEL FAYED,                     No.  2:21-CV-2141-DMC-P

12              Plaintiff,

13        v.                                  <u>ORDER</u>

14   KATHLEEN ALLISON, et al.,

15              Defendants.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

19              The Court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21   § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

26   means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d

27   1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28   complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names Kathleen Allison, the Secretary of the California Department of Corrections and Rehabilitation, and the County of Los Angeles as defendants.  See ECF No. 1. Plaintiff states that he "was and continues to be illegally incarcerated/falsely imprisoned. . . ." According to Plaintiff, on August 1, 2008, "federal authorities (at the behest of the State of Calif.) violated Plaintiff's rights. . . . refused to allow Plaintiff to post bail on a mandatory bail offense of running an unlicensed business."  Id. at 2-3.  Plaintiff alleges that he was "illegally incarcerated" in Los Angeles with no bail.  See id. at 3.  Plaintiff contends that he remains "falsely imprisoned to this day."  Id.

## II.  DISCUSSION

Plaintiff's complaint fails to state cognizable claims against the named defendants. As to Defendant Allison, Plaintiff fails to link a constitutional violation to conduct alleged to have been taken by Allison.  As to Defendant County of Los Angeles, Plaintiff fails to allege a policy or practice sufficient to state a claim against a municipal entity.

### A.      Defendant Allison

Supervisory personnel, like the Secretary of the California Department of Corrections and Rehabilitation, are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on

1    knowledge and acquiescence in a subordinate's unconstitutional conduct because government

2    officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct

3    and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory

4    personnel who implement a policy so deficient that the policy itself is a repudiation of

5    constitutional rights and the moving force behind a constitutional violation may, however, be

6    liable even where such personnel do not overtly participate in the offensive act.  See Redman v.

7    Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

8                    When a defendant holds a supervisory position, the causal link between such

9    defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v.

10   Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

11   1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in

12   civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

13   Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the

14   official's own individual actions, has violated the constitution."  Iqbal, 662 U.S. at 676.

15                   Here, Plaintiff has not alleged any conduct on the part of Defendant Allison.

16   Plaintiff will be provided an opportunity to amend consistent with the foregoing principles.

17        **B.**    **Defendant County of Los Angeles**

18                   Municipalities and other local government units are among those "persons" to

19   whom § 1983 liability applies.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).

20   Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at

21   691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local

22   government unit, however, may not be held responsible for the acts of its employees or officials

23   under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S.

24   397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of

25   the actions of its employees or officers. See id. To assert municipal liability, therefore, the

26   plaintiff must allege that the constitutional deprivation complained of resulted from a policy or

27   custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to

28   withstand dismissal even if it is based on nothing more than bare allegations that an individual

1  defendant's conduct conformed to official policy, custom, or practice. <u>See</u> <u>Karim-Panahi v. Los</u>

2  <u>Angeles Police Dep't</u>, 839 F.2d 621, 624 (9th Cir. 1988).

3             Here, Plaintiff has not alleged any facts related to the County of Los

4  Angeles.  Plaintiff will again be provided an opportunity to amend consistent with the foregoing

5  principles.

6

7  **III.  CONCLUSION**

8             Because it is possible that the deficiencies identified in this order may be cured by

9  amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire

10  action.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

11  informed that, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u>

12  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

13  amend, all claims alleged in the original complaint which are not alleged in the amended

14  complaint are waived.  <u>See</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

15  Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

16  Plaintiff's amended complaint complete.  <u>See</u> Local Rule 220.  An amended complaint must be

17  complete in itself without reference to any prior pleading.  <u>See</u> <u>id.</u>

18             If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

19  conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  <u>See</u>

20  <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

21  each named defendant is involved, and must set forth some affirmative link or connection

22  between each defendant's actions and the claimed deprivation.  <u>See</u> <u>May v. Enomoto</u>, 633 F.2d

23  164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

24             Finally, Plaintiff is warned that failure to file an amended complaint within the

25  time provided in this order may be grounds for dismissal of this action.  <u>See</u> <u>Ferdik</u>, 963 F.2d at

26  1260-61; <u>see also</u> Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

27  with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

28  <u>See</u> <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671, 673 (9th Cir. 1981).

1            Accordingly, IT IS HEREBY ORDERED that:

2                  1.      Plaintiff's original complaint is dismissed with leave to amend; and

3                  2.      Plaintiff shall file a first amended complaint within 30 days of the date of

4 service of this order.

5

6 Dated:  December 2, 2021

7 _____

8 DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5