**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES MICHAEL FAYED,<br><br>  Plaintiff,<br><br>  v.<br><br>KATHLEEN ALLISON, et al.,<br><br>  Defendants. | No.  2:21-CV-2141-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's second motion for the appointment of counsel, ECF No. 22.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  As with his previous motion, Plaintiff states that appointment of counsel is warranted because: (1) he is indigent; (2) he has limited and inadequate prison law library access; (3) his case has merit; and (4) the case will likely involve extensive and complicated discovery; and (5) it is unfair to require him to proceed pro se against defendants who will have access to experienced counsel.  These circumstances are common among prisoners filing civil rights cases and, thus, are not extraordinary.  Furthermore, a review of Plaintiff's filings to date reflects an adequate ability to articulate on his own.  Finally, as to the merits, the Court has ordered Plaintiff to file an amended complaint because it found Plaintiff's original claim deficient.  The Court has not yet addressed the sufficiency of Plaintiff's amended pleading.  In any event, no defendant has answered, and no evidence has been presented.  It is thus impossible to say at this time that Plaintiff has established a likelihood that he will succeed on the merits

Accordingly, IT IS HEREBY ORDERED that Plaintiff's second motion for the appointment of counsel, ECF No. 22, is denied.

Dated:  March 9, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2